Thank you, your honors. Good morning. My name is Bob Spretnak. I am the attorney for the appellant and the plaintiff in this matter, Anne Standley. The issue before this panel is, is there a genuine issue of material fact as to whether or not Elko County and its county create a reasonable expectation that Anne Standley had no property right in her employment with Elko County. It is undisputed. What is the evidence that she was not an at-will employee? Well, the evidence is, number one, the testimony of Jerry Underwood, the HR executive for Elko County, who specifically said that hourly employees, by definition, are not at-will. But don't you have a problem with that in that, first of all, that was really kind of a passing reference, but more importantly, that the, at the time of this case, at the time of her being terminated, she was not an hourly employee? Then the second piece of evidence goes into the testimony of Kristen McQuarrie, who we've argued on the brief was not a proper expert in the matters which she was presented as being the person most knowledgeable on. And that is usually why that matters. If the only evidence that she's not an at-will employee is testimony that hourly employees are not at-will employees, and it's undisputed that she's a salaried employee when she's fired, what does anyone's expertise matter? Well, what matters is the statements that Kristen McQuarrie made about the reason why she was treated as a salaried employee was that's the way that it always was. Well, Ms. Stanley's employment predated Ms. McQuarrie taking the position as the chief civil district attorney for Elko County. This isn't very hard. Salaried employees get a paycheck, and it's the same amount every week or month or whenever they get their salaries, even if some weeks or months they work more hours and some less. Hourly employees typically punch a time clock or otherwise keep track of their time, and their pay varies according to how many hours their services were used. Was there evidence she was not, that she was hourly? Yes, Your Honor. Her job description said specifically her position was non-exempt. What about her pay? She was paid a salary. Now, for purposes of the Fair Labor Standards Act, the salary basis test is only one of the factors, and somebody can be paid as a salaried employee and be very much improperly classified. In fact, most claims for unpaid overtime under the Fair Labor Standards Act exist because somebody was misclassified as a salaried employee. That's what creates litigation under the Fair Labor Standards Act. This is not a Fair Labor Standards Act claim, no, Your Honor. But the definitions under the Fair Labor Standards Act, such as non-exempt and the term hourly. What you're saying then is that, yes, she was paid as a salary employee, but she shouldn't have been. Yes. But nevertheless, she was. Yes. Okay. I get it. Yes. That's. Let me ask you a question. I've – I can see your argument that there is a fact and dispute, and it shouldn't have been disposed of as summary judgment. And there are some parts of the record that are troublesome to me. But suppose that you're right on it, that there are these facts. She – she was not aware of what the Underwood – what Ms. Underwood understood it to be. She was not aware of what others thought it to be. Doesn't she have to have present knowledge of those facts before she has a reasonable expectation that will lead her to a property right? Her supplemental affidavit that is in the record makes that clear, that she had thought throughout her employment that she was somebody who was entitled to notice in a hearing. She was originally hired as an hourly employee, which, according to Ms. Underwood's testimony, established that property right. She was told she was being reclassified to a salary because she was making more money than her supervisor. I understand that. I've read your brief. That's not my question. My question is, do we consider only the evidence or facts that you've developed that she knew of before this litigation started? Is that necessary in order to show a reasonable expectation of a privacy interest? Well, part of evaluating whether or not somebody has a property right is that whether they had an expectation of a property interest and also whether that expectation was reasonable. So suppose you're right on Underwood that you've got to take her first statement and not the so-called correction. Correction after talking with her attorney. McKibbin decided you'd have. Suppose we take that as right. She didn't know that Mrs. Underwood felt that way about it, about her job. But it's consistent with what her understanding about her job was, that when she was reclassified to a salaried employee, she was told that was only because she was making more money than her supervisor. None of her job duties changed. It was the exact same job. But you're saying she doesn't need to know that. This is used to prove her statement that the expectation was a reasonable one because, in fact, that's what happened. Yes. Well, on that ---- That's why you present that evidence. Yes. Okay. Well, now, as to that statement, I'm really puzzled by lines 17 to 19 on page 140 of the record. This is the supplemental affidavit. This is a rather tortured sentence in her affidavit. She says, at no time during my employment did I have a reason to believe that I had no right to notice and a pre-termination hearing before I could lose my job. It just seems to me that that doesn't say anything, that it's a string of negatives. I understand the confusion because we also ran into that same problem in Kristen McQueary's case. We talked about four or five negatives, and it was clear in my mind, but not necessarily from reading the record. But I guess what I'm looking for is I don't see an assertion on her part that she had a personal belief that she had pre-termination rights. I mean, that's not ---- if that's the statement you're relying on, I don't think it's very persuasive. That is definitely a statement that I am relying on. Okay. I think it's also clear from her deposition testimony that that's what it was. It was also, like I said, with Kristen McQueary and her testimony as to what constituted the somebody with a property right, relying on the idea of, well, Ann Stanley is classified that way because that's the way she always was. Well, we've proven that wrong. That was not the way that it always was. I don't see why any time matters except the time when she was fired. My thinking is people's positions changed. For example, suppose you have a career lawyer in the Justice Department who's protected by civil service, and he's just so terrific that he gets promoted to the political level and becomes Deputy Attorney General. Well, it used to be he was protected by civil service. Now, when his president loses for re-election, he's out. But that's not the facts we have here. Here, when she was reclassified, her job duties did not change. Her job duties never changed at any point. She got promoted to the political level. Everybody knows the difference between hourly and salary. When you're hourly, your lunch hour, if you take too long, you get docked. If you have a doctor's appointment, you get docked. If they don't need you, they tell you to go home early and you don't get paid as much, and then you become salaried. And on the one hand, you get the bad stuff. If you have to stay until 7 o'clock, you don't get paid anymore. But you also get the good stuff. You take a little longer at lunch. You have a doctor's appointment, or you're twiddling your thumbs because they've run out of work, or I guess she's in the lifeguard. Nobody in the pool, so there's basically nothing to do. You can read a novel. There's nothing else to do in jackpot, but they don't send you home. But they don't send you home the way they do with, say, hourly cashiers at the grocery store. She was hired to be an hourly employee. Elko County had some obligation to communicate to her that she had none of the rights that she retained as the hourly employee. She's getting a salary check. She knows she's salaried now. She's getting a salary check to cut her pay. That's not a legitimate basis for classifying somebody as salaried because they're making more money than their supervisor. Somebody that works long hours as an hourly employee, that sometimes happens. And her job descriptions that she continued to work under indicated that she was a non-exempt. She should not have been paid salary. That creates the property interest. That's enough evidence to get past that. But that's not the standard we're dealing with. All right. Thank you, counsel. Your time has expired. We will hear from the county. Good morning, Your Honors. Rebecca Brew on behalf of Elko County, Nevada, and its county manager, Rob Stokes. This whole issue that has been raised about exempt versus non-exempt has absolutely nothing to do with Judge McKibben's decision in this case and whether Ms. Stanley had an expectation of rights to a pre-termination hearing. The fact that Ms. Underwood may have misunderstood that there was some kind of a connection between whether somebody was hourly and non-exempt or exempt and whether they were at will or not, there is absolutely no connection. What evidence is there to show one way or the other whether Stanley understood herself to be at will or entitled to a pre-termination hearing? There is no evidence that she had an expectation that she was entitled to that. Well, I wouldn't say that. There's been evidence here that people link non-exempt with non-exempt as then not at will. And there's a lot of evidence in here of people believing that way that represent the county, right? Well, certainly Ms. Underwood misunderstood it at the time of the resolution. That wasn't my question. My question was there's a lot of evidence in the record that people who were the manager of the court, the deputy attorney, they all were in the record here as linking non-exempt with not at will. Yes, Your Honor. That is true that that, and even Ms. McQuarrie, who's a long-time deputy district attorney. And in both of the job descriptions, no matter which job description you buy onto, in both of them at the end it says FSLA status non-exempt. It's in the description of her job. And if the county has evidence that the county leaders say that she was non-exempt, then it seems to me there's a question for the jury to make a determination. Why wouldn't that be so? Because under Loudermill, what we look to is what property rights someone has, which is what Judge McKibben did. The only property rights that she has are created by state law, which are created under statute, a collective bargaining agreement, or some other mechanism whereby those are granted. And there is absolutely no case law that Ms. Stanley was able to cite to that connects someone's exempt or non-exempt status. Is your position that it's summary judgment they have to make that connection? If people who are responsible for her and for the carrying out of the business say that non-exempt equals not at will, you have the manager of the city, you've got a DA representative, you've got Ms. Underwood, they have evidence there. Why doesn't that get them by summary judgment? Because someone's opinion, someone's misunderstanding of the law does not make it, does not confirm or does not create a property right under Loudermill. And I think that that's what the court needs to look to, that's what Judge McKibben looked to. Those are all factors. We are dealing with a rural county that has a handful of people out there who are at will. The vast majority of those people all belong to some kind of a bargaining unit. We have a handful of people who historically have been treated as at will. There's no language in the policies that say, that identifies who those are. We had a, there was a change. You say there's no language, but you have people who interpret that language as meaning that she is non-exempt and therefore not at will. Why doesn't, why isn't that a fact that's going to go to a jury and let them make the determination? Well, I'm, I, my gut reaction, my response to you is that that is not the jury's province to determine whether someone has a constitutional property right, whether they're entitled to due process. That's a question of law. If the jury determines that she is not at will, then doesn't she have a property right in getting her hearing? The first inquiry is whether she has a property interest before we get to our next question. I know, but there's facts that depend on that. And the facts are, if she's non-exempt, she's not at will. That's the fact. She proves that fact, and then the law determines there's a property interest. That's a legal issue. But the question is, has a fact been raised to let it go to a jury? And Judge McKibbin didn't think so. Now, that's a tough burden. All I have to show is that there's a material fact in dispute. They don't have to prove it's going to win. They just have to find it's in dispute. Well, I, I think that what will happen is what then what that becomes, what is the question of fact here, whether she was exempt or non-exempt? And so ultimately, if we get to that determination and jury makes that determination, what is that relevant to? Whether she was exempt or non-exempt is not relevant to whether she had, was entitled to due process. Well, what, what facts in the record showing that it is relevant? Facts from people who are the leaders of hers, the city manager, a person from the DA's office, Mrs. Underwood? They have some facts to prove that. Well, what Ms. Underwood said is that hourly employees are, I think her exact statement was hourly employees are not at will. So, we come back to the original, the original question posed by the court is that, and isn't it true then that Ms. Underwood was paying, being paid salary, and so she was at will. So, you think the county can just on their own, because they're paying her too much money, change how they pay her, give her the same duties, and therefore it changes her status? No, and that's not what happened. What happened is that along the way, she was originally paid as an hourly employee, and then she eventually, after a long time of employment. While she was an hourly employee, is it clear that she was at will at that stage? She was always at will. That position was always an at will position. Because why? Because she was not a member of a collective bargaining agreement, she did not have a contract, and there was no statute. Oh, is there law that you have to be in a union before you can be non-at will? No, no, Your Honor. Oh. I've confused, sorry, no, I have confused and not answered your question. So, your position with respect to the passage that we've talked about here by Underwood is that she was misinformed? That Ms. Underwood was misinformed? As to her understanding of the law, that there is some connection between someone being hourly or salaried, and that that creates, that determines, or is a factor in determining whether someone is at will or not. This is odd evidence, and I'm wondering if I'm missing something. Typically in a workplace, when people come to work, they're told, you serve at my pleasure or at our pleasure, you're an at will employee, or you're civil service or otherwise protected if it's government. In many private firms and many unionized occupations, people come to work and everybody's at will except those covered by the collective bargaining agreement. And if they're covered by the collective bargaining agreement, the collective bargaining agreement procedures apply. And in this case, I don't seem to be looking, I look at the declarations and it's all about whether they should or shouldn't have fired her, whether she was a whistleblower serving the public, whether this or that is generally true. I don't see anything saying what she was told or what she, or what form she was given or what the deal was. Is there something there that I've missed? As far as, well, and I think that that was the same question that Judge McKibben had when he said, please go back and see if you can develop this record any better about whether there was. Is it there? There is nothing in the record. There is no policy in Elko County, at least there was not at that time, that defined who was at will or not at will. So you're relying on the general presumption out of the Nevada statute that everybody is at will unless they can show that they're not. Exactly. Strong presumption. And there's nothing in there where she says that she was ever told that she was not at will? Yes, there is nothing in there that she was ever told she was not at will. Yes, that's true. So basically it would be a matter of checking out the understandings among employees of who's at will and who isn't. I don't know that what somebody understands is relevant to determination. Is there a collective bargaining agreement? There is for most of the employees. There is a collective bargaining agreement. She was not in the unit? She was not a member of the unit and not entitled to it. My understanding was not entitled to it. I asked you if she was in the unit rather than a member of the union because sometimes they cover non-members, sometimes they don't. Correct. Nevada actually has a statute that says that because someone doesn't belong to the union, if they had a right to belong to the union, they would have all of the same rights that would be. So the question is whether she's in the unit, not whether she's in the union. I'm not sure. I don't want to answer you incorrectly because I'm not sure I understand how you're using the term unit. Well, you have to answer from the record. There was no entitlement to belong to the union given her position historically. Is there a collective bargaining agreement in the excerpt? No, it's not because she was not a member and there was never an argument that she was entitled to be a member and so that argument was never raised. So the collective bargaining agreement would probably define the unit of employees that it covered and it would tell whether she was protected by it, whether she's a union member or not. Is that correct? It may. It may, but frankly I haven't looked at it. No one's looked at it? No, I have not looked at it because it was. People just chat on the phone? We don't have that collective bargaining agreement from either side? No, it's not because there's never been an argument by them that she was entitled to belong to the union. She's never asserted any rights under the CBA? Exactly. All right. Exactly. Thank you, counsel. Your time has expired. Thank you. The case just argued will be submitted for decision.
judges: Wallace, O'scannlain, Kleinfeld